# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** | |
| **BRANDON B. ELLIS,** | **Bankruptcy Case No. 08-41299-JDP** |
| **Debtor.** | |

## MEMORANDUM OF DECISION

**Appearances:**

    Aaron J. Tolson, TOLSON LAW OFFICES, Ammon, Idaho, for Debtor.

    Jim Spinner, SERVICE & SPINNER, Pocatello, Idaho, for Trustee R. Sam Hopkins.

### *Introduction*

In October 2010, chapter 7[1] trustee, R. Sam Hopkins ("Trustee"),

---

    [1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the

MEMORANDUM OF DECISION - 1

avoided the lender's deed of trust granted by Debtors Brandon and Anita Ellis on their home as an unauthorized post-petition transfer pursuant to § 549(a). Thereafter, Trustee elected to sell the house through the bankruptcy case, and, largely due to his concerns about property maintenance and insurance, Trustee filed a motion for an order requiring Debtors to turn over possession of the house to him while he attempts to liquidate it. Debtors objected to the motion, asserting that Trustee can not sell the house, but is instead limited to merely honoring the loan agreement of the lender. Debtors also argue that they are entitled to a homestead exemption in the residence.

    The Court conducted a hearing on Trustee's motion for turnover on November 24, 2010, and took the issues under advisement. The Court has considered the record and submissions of the parties, the arguments of counsel, as well as applicable law. This Memorandum constitutes the Court's findings of fact and conclusions of law, and resolves this contest. Fed. R. Bankr. P. 7052, 9014.

---

Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 2

*Facts*

In a recent adversary proceeding, *Hopkins v. Suntrust Mortg., Inc.*, No. 10-08016-JDP (Bankr. D. Idaho 2010), the Court entered a judgment avoiding the deed of trust on Debtors' primary residence which they had granted to Suntrust Mortgage, Inc. ("Suntrust") soon after they filed their chapter 7 bankruptcy petition. The avoided deed of trust secured a post-petition mortgage loan, the balance due on which is approximately $182,000. Debtor's Mortgage Account Statement at 3, Docket No. 52, Ex. A. The judgment provided that the post-petition deed of trust was avoided pursuant to §§ 549(a) and 550(a).

Prior to entry of this judgment, Debtors treated the avoided debt as valid, making all required loan payments. Debtor's Mortgage Account Statement at 5–8, Docket No. 52, Ex. A. While Trustee can not be sure about the market value of the home, his real estate professional has estimated that it could be sold for $154,000. Although Debtors claimed a

MEMORANDUM OF DECISION - 3

homestead exemption on the house in the bankruptcy case, because he has avoided the sole lien on the property, Trustee intends to sell the house for the benefit of the creditors in the bankruptcy case. Pending a sale, Trustee asserts he is entitled to possession of the property. Debtors object to Trustee's request that they vacate and turn over the house.

The Court agrees that Trustee is entitled to possession of the house because it is property of the bankruptcy estate which he is entitled to sell.

*Discussion*

**I.    Trustee's duties and rights.**

As noted above, Trustee seeks turnover of Debtors' residence so he can sell it for the benefit of the creditors in this case. Trustee's proposal is not surprising because, when the property is sold, Trustee will be entitled to receive not just any non-exempt equity in the house, but, because he has avoided it, all amounts that are due on the avoided trust deed for distribution to creditors. This result follows in this case because when a trustee avoids a creditor's lien on an estate asset, that lien is automatically

MEMORANDUM OF DECISION - 4

preserved for the benefit of the bankruptcy estate, and the trustee succeeds to the rights and interests that the divested creditor held in the lien. *See* § 551 (providing that "[a]ny transfer avoided under section . . . 549 . . . , is preserved for the benefit of the estate but only with respect to property of the estate."); *In re Bolden*, 327 B.R. 657, 665 (Bankr. C.D. Cal. 2005); *In re Mingo*, 97.2 I.B.C.R. 46, 48 (Bankr. D. Idaho 1997).

Debtors argue that, because they have remained current on their loan obligations to Suntrust, Trustee, now legally standing in the lender's shoes, may not foreclose on the deed of trust. Instead, Debtors assert that Trustee is limited to only those rights that Suntrust held under the trust deed, which in this instance Debtors argue means the lender's right to receive Debtors' mortgage payments. *See In re Seibold*, 351 B.R. 741, 746 (Bankr. D. Idaho 2006) (noting that while a trustee succeeds to the divested creditor's rights, he or she is also limited to those rights in the property). In other words, it is Debtors' position that Trustee's rights are limited to either accepting Debtors' payments on the avoided Suntrust deed of trust,

MEMORANDUM OF DECISION - 5

or to selling that deed of trust.

Trustee disputes that his powers are restricted as Debtors suggest. He asserts that, as a chapter 7 trustee, he is duty-bound to liquidate property of the bankruptcy estate, and if it will generate more funds for the creditors, that means he must sell the house, and not just the trust deed.

There is strong support for Trustee's position in the Code. When a bankruptcy case is initiated, a bankruptcy estate is automatically created composed of all of the debtor's legal or equitable interests in property as of the commencement of the case. § 541(a)(1). One of a trustee's primary goals in a chapter 7 case is "to collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." § 704(a)(1). To accomplish this goal, § 363(b) empowers a trustee to sell property of the estate. Indeed, underlying all of a chapter 7 trustee's actions, including decisions about sales of property of the estate, is the fiduciary duty to maximize distribution to creditors. *See Dye v. Brown (In re*

MEMORANDUM OF DECISION - 6

*AFI Holding, Inc.*), 530 F.3d 832, 844 (9th Cir. 2008) (citing *U.S. Trustee v. Joseph* (*In re Joseph*), 208 B.R. 55, 60 (9th Cir. BAP 1997)); *United States ex rel Block v. Aldrich* (*In re Rigden*), 795 F.2d 727, 730–31 (9th Cir. 1986).

Encumbered property of the estate may be sold free and clear of a lien under § 363(f)(2) if the lienholder consents to such a sale. Normally, when such a sale occurs, the secured party is paid from proceeds of the sale. *See* § 724(b)(1). The balance of the sale proceeds are then used to satisfy the debtor's exemption claims, with any remaining funds distributed to pay claims in the bankruptcy case. § 726(a)(1)-(5). If the sale of a particular item of property of the estate will not generate enough to pay unavoidable liens on the property as well as the debtor's exemption, and if the lienholder will not consent to a sale, the trustee may abandon property as burdensome or of inconsequential value to the estate. § 554(a).

In this case, because they owned their house when they filed their bankruptcy petition, Debtors' house became property of the bankruptcy estate. As property of the estate, Trustee is obligated to sell the house

MEMORANDUM OF DECISION - 7

unless, in the exercise of his judgment, he determines that the house is burdensome and will not yield any value and benefit to the creditors. Because Debtors' residence has a market value less than the amount owed on the deed of trust, had there been no avoidance, there would be no benefit to the estate from a sale of the house.

However, Trustee avoided the lender's lien, and that lien has been preserved for the estate. That deed of trust is also now property of the estate. § 541(a)(3) (providing that property of the estate includes any interest in property that the trustee recovers under, *inter alia*, § 550). Standing in the shoes of Suntrust, Trustee can consent to a sale even if the amount received will not pay off the obligation secured by the deed of trust. And, when the house sells, Trustee will receive any amounts that would have been paid to the lender to satisfy the deed of trust before Debtors are entitled to distribution of any proceeds on account of their homestead exemption.

Debtors are correct that because the Suntrust deed of trust has been

MEMORANDUM OF DECISION - 8

avoided and preserved, the lender's rights under that deed of trust also became property of the estate. *In re Bethea*, 275 B.R. 127, 129 (Bankr. D. D.C. 2002). In addition to collecting any payments due from Debtors due under the Suntrust loan, Trustee could instead simply sell his rights under the deed of trust. But that he could sell the trust deed does not mean that he must or should do so. To properly discharge his fiduciary duty to the creditors, Trustee must act in a fashion that will yield the greatest distribution to them.

Trustee has exercised appropriate business judgment in this case. Based upon the advice of his realtor, if the house is sold, Trustee expects to receive approximately $154,000 less costs of sale. On the other hand, the outstanding balance due on the Suntrust deed of trust is over $180,000. Debtor's Mortgage Account Statement at 3, Docket No. 52, Ex. A. Therefore, all of the net proceeds from the sale of the home will be available for distribution to creditors in the bankruptcy case.

Trustee could attempt to sell the deed of trust to an investor (who

MEMORANDUM OF DECISION - 9

would then be entitled to receive payments from Debtors). However, Trustee believes, and the Court agrees, that the return to creditors from such a sale is uncertain. Debtors might be viewed as a credit risk to a prospective purchaser of the note and trust deed. Moreover, it is unlikely that any potential buyer would pay more for the deed of trust than the estimated value of the residence, since if Debtors default in making payments, the holder of the deed of trust must foreclose and look to sell the property to recover. Simply put, while Debtors have thus far made payments to Suntrust, and profess their willingness to continue to pay the loan to the holder of the deed of trust, purchase of their obligation involves considerable risk. As a result, Trustee may have to significantly discount the price if he hopes to sell the deed of trust.

On this record, the Court declines to interfere with Trustee's decision to sell the house instead of the deed of trust.

**II.     The Impact of Debtors' exemption.**

That Debtors have claimed an exemption on the house does not

change the analysis in this case. While, in Idaho, debtors in bankruptcy may claim a homestead exemption in the proceeds of the involuntary sale of their home in an amount up to $100,000,[2] the exemption statute, Idaho Code § 55-1005 provides, in relevant part:

> The homestead [exemption] is subject to execution or forced sale in satisfaction of judgments obtained:
>
> > * * *
> >
> > (3) On debts secured by mortgages, deeds of trust or other consensual liens upon the premises, executed and acknowledged by the husband and wife or by an unmarried claimant[.]

Under this statute, then, a debtor can not use a homestead exemption as a shield against a creditor foreclosing on a consensual or judgment lien. *See*

---

[2] To be precise, Debtors claimed a homestead exemption in the amount of $3,000 in their amended schedule C filed on April 20, 2009. Docket No. 26. Apparently, this amount represented their equity in the house based upon a $198,000 value, and the $195,000 balance they estimated to be due to Suntrust in their original schedules A and D. Docket No. 1. Under case law, the amount of Debtors' exemption is limited to the amount they claimed in their schedules. *Gebhart v. Gaughan (In re Chappell)*, 621 F.2d 1206, 1211 (9th Cir. 2010) (citing *Schwab v. Reilly (In re Reilly)*, ___ U.S. ___, 130 S.Ct 2652 (2010)).

MEMORANDUM OF DECISION - 11

*Fed. Land Bank of Spokane v. Parsons*, 796 P.2d 533, 536 (Idaho App. 1990). Under state law, then, Debtors' homestead exemption does not trump a deed of trust. It is therefore clear under state law the holder of a deed of trust on a debtor's homestead would be entitled to be paid in full from the proceeds of a sale of a house before any distribution is made to the debtor on a homestead exemption.

In addition, in this case, the Bankruptcy Code would prevent Debtors from claiming a homestead exemption with priority over the Suntrust deed of trust:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if —
>
> > (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

MEMORANDUM OF DECISION - 12

>> (B) the debtor did not conceal such property[.]

11 U.S.C. § 522(g)(1)(A).  It is undisputed that the transfer of that post-petition deed of trust to Suntrust was a voluntary transfer.  *See* Adv. Docket No. 18.  "Section 522(g) distinguishes between voluntary and involuntary transfer, and explicitly disallows [a] claim of exemption for property which the debtor voluntarily transferred."  *In re Trujillo*, 215 B.R. 200, 205 (9th Cir. BAP 1997); *Hitt v. Glass (In re Glass)*, 164 B.R. 759, 761-62 (9th Cir. BAP 1994) (the "purpose of § 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary"), *aff'd* 60 F.3d 565 (9th Cir. 1995); *In re Woods*, 386 B.R. 758, 764 (Bankr. D. Idaho 2008); *In re Adams*, 92 I.B.C.R. 47, 48 (Bankr. D. Idaho 1992) (the avoided lien was a consensual security interest transferred to the bank under an installment sale contract, so property was not exempt).

MEMORANDUM OF DECISION - 13

As can be seen, then, both state law and the Bankruptcy Code prevent Debtors from asserting any exemption in the proceeds from the sale of the house until all amounts due on the Suntrust deed of trust are paid to Trustee.[3]

### III.    Debtors Must Turn Over the House to Trustee.

Under § 542(a), an entity in possession of property that a chapter 7 trustee may sell under § 363 "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *Calif. Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996) (the requirement under § 542(a) that an entity in possession of estate property "shall" deliver such property to the trustee is a mandatory duty arising

---

[3] Since on this record it appears unlikely that the house will sell at a price in excess of that required to pay off the Suntrust lien, the Court need not decide whether Debtors' exemption claim would take priority over Trustee's claim to any sales proceeds remaining after payment of sales costs and the avoided trust deed.

upon the filing of the petition); *White v. Brown (In re White)*, 389 B.R. 693, 699 (9th Cir. BAP 2008); *In re Custom Spray Techs., Inc.*, 00.3 I.B.C.R. 160, 160 (Bankr. D. Idaho 2000). Here, Trustee may sell the house under § 363. When he does, the sale will generate significant value which benefit the creditors in this case. Trustee is therefore justified in requiring that Debtors turn over possession of the house to him for sale, and Debtors must do so.

## *Conclusion*

Debtors' house became property of the bankruptcy estate when they filed their petition. The Suntrust deed of trust became property of the estate when Trustee successfully avoided it. Thus, Trustee could sell either the home or his rights to payments under the avoided deed of trust. In this case, with ample factual justification, Trustee has elected to liquidate the house, not just his trust deed rights. Because there is no indication that Trustee has abused his discretion, the Court declines to interfere with his

MEMORANDUM OF DECISION - 15

exercise of business judgment as to liquidation of the property of the bankruptcy estate. Debtors are obliged to turn over the house to Trustee for sale, and Trustee's Motion for Turnover will be granted by separate order.

Dated: January 7, 2011

Honorable Jim D. Pappas
United States Bankruptcy Judge